**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **STAN KOCH & SONS TRUCKING, INC.** | § § § | |
| **vs.** | § § | **CIVIL ACTION NO.  4:15-cv-2716** |
| **RED HAWK RE SPC IN RESPECT OF SEG PORTFOLIO HA 001** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, STAN KOCH & SONS TRUCKING, INC. ("Koch"), files this Original Complaint against Red Hawk Re SPC in respect of SEG Portfolio HA 001 ("Red Hawk") for declaratory relief pursuant to 28 U.S.C. §2201, et seq., breach of contract, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and for breach of the duty of good faith and fair dealing arising from Red Hawks' failure and/or refusal to discharge its responsibilities under Koch's insurance policies and/or a reinsurance agreement and related conduct, and states as follows:

## I.
## PARTIES

1.     Plaintiff, STAN KOCH & SONS TRUCKING, INC. ("Koch"), is a foreign corporation organized under the laws of Minnesota, and authorized to do business in the state of Texas.

2.     Defendant, RED HAWK RE SPC IN RESPECT OF SEG PORTFOLIO HA 001 ("Red Hawk") is a reinsurance corporation organized under the laws of the Cayman Islands that has its principal place of business at Whitehall House, 3rd Floor, 238 N. Church Street, P.O. Box

699, Grand Cayman, KY1-1107, Cayman Islands.  Red Hawk is an affiliate of American Emerald Holdings, Inc., and Emerald Claims Management, Inc., both Texas corporations, and also an affiliate of Main Street MGA Inc. d/b/a Harbor America Specialty Broker, LLC (HA), a Florida corporation with its principal place of business located at 21977 E. Wallis Drive, Porter TX 77365.

3.     Service may be accomplished on Red Hawk pursuant to the procedures authorized by Fed. R. Civ. P. 4(f)(1) and the Hague Convention by forwarding the summons and complaint to the Central Authority for the country in which service is to be made (the Cayman Islands), along with a form Request For Service containing, inter alia, a form Summary of the Documents to be Served. The Central Authority for the Cayman Islands is the "Clerk of the Courts, Grand Cayman, Cayman Islands."

## II.
## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(2) because Plaintiff is a citizen of the State of Minnesota and Defendant is a citizen of a foreign state and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  This Court also has jurisdiction over this lawsuit based upon 28 U.S.C. Sec. 2201, there being an actual controversy between the parties.

5.     This court has personal jurisdiction over Red Hawk because Red Hawk for itself and through its affiliates conducts systematic and continuous business in the State of Texas, including, but not limited to, reinsuring insurance policies issued to Koch covering risks within the State of Texas.

6.      In addition, Red Hawk has subjected itself to the personal jurisdiction of this Court by availing itself of the privilege of conducting activities in Texas by filing at least one civil action in this Court, Cause No. 4:13-cv-00434, *American Emerald Holdings, Inc., Main Street MGA d/b/a Harbor America Specialty Broker, LLC, Emerald Claims Management, Inc., and Red Hawk Re SPC v. Ullico Casualty Company* and the same fronting arrangement for the Red Hawk entities workers' compensation programs that is at issue in this case.

7.      Venue is proper in this court pursuant to 28 U.S.C. Sec. 1391.

### III.
### BACKGROUND

8.      American Emerald Holdings, Inc. d/b/a Main Street/HASB, Emerald Claims Management, Inc., American Emerald Insurance Brokerage, Inc., Harbor American Holdings, Inc., Harbor America Central, Inc., Harbor America Specialty Brokerage, LLC, Harbor America Brokerage, Inc., Main Street America MGA, Inc. and Red Hawk are interrelated, intertwined and interconnected entities that operate in the insurance industry under the same or similar management (hereinafter referred collectively as the "Red Hawk Entities").

9.      Koch is a motor carrier that operates in interstate commerce.  Koch employs over 950 employees and maintains workers' compensation insurance to protect its employees in the event they suffer injury while on the job, including workers in the State of Texas.  In early 2010, the Red Hawk Entities offered to provide worker's compensation coverage for Koch and its employees via a complicated web of insurance agencies, insurers, reinsurers, subsidiaries, brokerages, administrators and affiliates involved in equally complex agreements between and amongst each other.  The Red Hawk Entities quoted, offered and represented that the workers' compensation program they offered would include placing Koch with Ullico Casualty Company

("Ullico"), a B+ AM Best rated insurance carrier that provided worker's compensation insurance coverage in many states across the United States.

10.     Koch signed up for and purchased insurance under a worker's compensation program, which Koch later learned is known as the "Harbor America Pay As You Go Insurance Program," (hereinafter referred to as "the workers' compensation program"). In addition to workers' compensation insurance policies issued in the name of Ullico, the following written agreements evidence the workers' compensation program:

1. A Claims Collateral Agreement between Koch and American Emerald Holdings, Inc. dba Main Street/HASB;

2. A Program Administrator Agreement between Ullico Casualty Company and American Emerald Holdings, Inc. and Main Street American MGA, Inc. dba Harbor American Specialty Program, LLC;

3. A Claim Administration Agreement between Ullico Casualty Company and Emerald Claims Management, Inc.; and

4. A Reinsurance Agreement between Red Hawk RE SPC and Ullico Casualty Company.

11.     The Ullico insurance policies in question provided dollar-one coverage in some states and deductible obligations in other states.  The Red Hawk Entities agreed to provide worker's compensation insurance during four policy periods:  1) May 17, 2010 to September 1, 2010; 2) September 1, 2010 to September 1, 2011; 3) September 1, 2011 to September 1, 2012; and 4) September 1, 2012 to September 1, 2013.  The Red Hawk Entities instructed Koch to send every dollar of its funds for the worker's compensation program to one of the Red Hawk Entities, Harbor America Specialty Brokerage, LLC.  The Red Hawk Entities then exclusively directed the flow of Koch's funds to various entities, including the ostensible reinsurer, Red Hawk. Koch paid over $5,500,000.00 to the Red Hawk Entities during the course of the parties'

relationship for fees and insurance premiums, including over $1,500,000.00 to secure Koch's deductible responsibilities under the workers' compensation program.

12.     Eventually, Koch learned that Ullico had very little, if anything, to do with the worker's compensation program.   Rather, the Red Hawk Entities underwrote, procured, managed, organized, sponsored and administered the worker's compensation program, and ultimately insured and reinsured Koch under the worker's compensation program.  Ullico was, in fact, a "fronting company," that "ceded" 100% of the risk on the workers' compensation policies to Red Hawk pursuant to the Reinsurance Agreement referenced above. Thus, 100% of the risk associated with the worker's compensation program was borne by Red Hawk, not Ullico.  In exchange, Red Hawk received 100% quota share of the gross written premium, less ceding commissions to be offset against commissions due to be paid to American Emerald Holdings, Inc., Main Street and Harbor American Specialty Brokerage pursuant to the Program Administrator Agreement.

13.     In or about the spring of 2013, Koch learned that Ullico was having financial problems and entered Rehabilitation in the State of Delaware.   Delaware later issued a Liquidation and Injunction Order with Bar Date in the receivership proceedings.  The Red Hawk Entities then unilaterally stopped all work on Koch's worker's compensation claims, contrary to the agreements in place and Koch's demands, and refused to provide any further insurance coverage or insurance services, including, but not limited to, claims administration and coverage under the worker's compensation program.

14.     In March, 2013, several months before the end of the policy period during which the Red Hawk Entities were obligated to provide worker's compensation coverage, the Red Hawk Entities refused to provide any further coverage and/or insurance services.  As a result of

this breach, many of Koch's injured employees failed to receive benefits, including payment for lost wages and medical expenses.  After already paying premiums and funding deductible funds to the Red Hawk Entities for these claims, Koch was forced to fund the claims and find a different insurer and TPA.

15.     The Red Hawk Entities' failure to honor the contractual and fiduciary obligations has deprived Koch of the insurance coverage contractually required and has caused Koch significant damages. As a result of the failure of the Red Hawk Entities to pay claims under the workers' compensation insurance program, Koch has suffered in excess of $2 million in damages consisting of amounts paid out on dollar one claims and claims in excess of applicable deductibles.

16.     Because Ullico and the Red Hawk Entities entered into a fronting arrangement, whereby Ullico acted as a front while the Red Hawk Entities, including Red Hawk, conducted all of the business of insurance, Koch is entitled to bring this direct action against Red Hawk.   In such situations, the technical veil of reinsurance should be pierced and the reinsurer treated as a primary co-insurer.   A fronting arrangement essentially makes the reinsurer the true co-insurer of the underlying liabilities.  Such is the case here with Red Hawk.

17.     Because of the fronting arrangement between Ullico and Red Hawk, the provisions of the Reinsurance Agreement are not determinative of Koch's right to bring a direct action against Red Hawk. Where, as here, a claims administration agreement eliminates any claims responsibility for the original insurer, and the original insurer collects premiums and passes them on to the reinsurer after taking a ceding commission, the traditional relationship between the insurer and reinsurer should be disregarded.  Similarly, where the insurer agrees to become a front for the reinsurer in order to allow the reinsurer to do business within a particular

state, and thus, do business with a particular policyholder, as occurred here, the policyholder is entitled to direct access to the reinsurance proceeds because the insurer is a mere pass-through organization.

## IV.
## DECLARATORY JUDGMENT

18.     Plaintiff re-alleges and incorporates by reference the allegations made in the above paragraphs.

19.     Ullico has failed and refused to pay claims under the above referenced workers' compensation insurance policies following the Ullico liquidation proceeding, and it has been necessary for Koch to pay numerous claims that were covered and that should have been paid under those policies.   Because Ullico and Red Hawk entered into a fronting arrangement, whereby Ullico acted as a front while the Red Hawk Entities, including Red Hawk, conducted all of the business of insurance, Red Hawk is the true co-insurer of the underlying liabilities and is obligated to pay the claims directly to Koch.   Under these circumstances, the technical veil of reinsurance should be pierced and Red Hawk should be treated as a primary co-insurer. Because the fronting arrangement essentially makes Red Hawk a true co-insurer of the underlying liabilities, Koch is entitled to bring this direct action against Red Hawk.   In addition, or in the alternative, Koch is a third party beneficiary of the above referenced Reinsurance Agreement between Ullico and Red Hawk.

20.     The Red Hawk Entities, including Red Hawk have failed and refused to pay the claims at issue, and an actual and immediate controversy exists between Koch and Red Hawk with respect to Red Hawk's duties and obligations under the workers' compensation insurance policies. Koch contends that Red Hawk is obligated to pay all unpaid claims under the workers'

compensation insurance policies as a true co-insurer of the workers' compensation insurance program and/or under the above-referenced Reinsurance Agreement.

21. There presently exists a bona fide, actual controversy between the parties. This dispute concerns more than $75,000 in insurance claims, exclusive of interest and costs. The requested declaration further deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts. Accordingly, pursuant to 28 U. S. C. §2201, Koch asks this Court to declare the rights of the parties.

22. Koch is in full compliance with all of the terms and conditions of the workers' compensation insurance policies at issue, or is excused from complying with such conditions because of Ullico's and/or Red Hawk's failure to perform.

23. Wherefore, Koch respectfully requests that this Court declare the following:

(1) Red Hawk is a true co-insurer under the above referenced workers' compensation insurance policies;

(2) Red Hawk is obligated to pay all covered workers' compensation claims under the workers' compensation insurance policies that have not already been paid by Ullico;

(3) Koch is entitled to recover directly against Red Hawk for all unpaid claims under the above referenced workers' compensation insurance policies; and

(4) Koch is a third party beneficiary under the Reinsurance Agreement between Red Hawk and Ullico entitled to recover benefits under that Agreement directly from Red Hawk.

## V.
## BREACH OF CONTRACT AND CONVERSION

24. Plaintiff re-alleges and incorporates by reference the allegations made in the above paragraphs.

25. The above referenced workers' compensation insurance policies constitute valid and enforceable contracts between Koch and Ullico. Ullico has failed and refused to pay claims

under the above referenced workers' compensation insurance policies following the Ullico liquidation proceeding, and it has been necessary for Koch to pay numerous claims that were covered and that should have been paid under those policies.   Because Ullico and Red Hawk entered into a fronting arrangement, whereby Ullico acted as a front while the Red Hawk Entities, including Red Hawk, conducted all of the business of insurance, Red Hawk is a true co-insurer of the underlying liabilities and is obligated to pay the claims directly to Koch.   Under these circumstances, the technical veil of reinsurance should be pierced and Red Hawk should be treated as a primary co-insurer.   Because the fronting arrangement essentially makes Red Hawk a true co-insurer of the underlying liabilities, Koch is entitled to bring this direct action against Red Hawk for breach of the workers' compensation insurance policies.   The Red Hawk Entities, including Red Hawk, have failed and refused to pay the claims at issue, and that failure constitutes a breach of the workers compensation insurance policies that has caused damage to Koch, and for which Koch now sues.

26.     In addition, or in the alternative, Koch would show that, for the reasons set forth above, Koch is a third party beneficiary of the above referenced Reinsurance Agreement between Ullico and Red Hawk, and is entitled to recover benefits under the Reinsurance Agreement directly against Red Hawk.  Red Hawk has failed and refused to pay the claims at issue to Koch pursuant to the Reinsurance Agreement, and that failure constitutes a breach of the Reinsurance Agreement that has caused damage to Koch, and for which Koch now sues as third party beneficiary.

27.     Plaintiff has performed all the conditions precedent required to recover for these breaches of contract.

## VI.
## VIOLATIONS OF TEXAS INSURANCE CODE CHAPTER 541

28.    Plaintiff re-alleges and incorporates by reference the allegations made in the above paragraphs.

29.    Plaintiff has standing to sue under Chapter 541 of the *Texas Insurance Code*, and Red Hawk is a person who can be sued under Chapter 541 of the *Texas Insurance Code*. By engaging in the conduct described above, Red Hawk has violated §541.060 of the Texas Insurance Code by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with respect to which its liability has become reasonably clear.

30.    Red Hawk committed this wrongful conduct knowingly.    Additionally, Red Hawk's conduct described herein was malicious, fraudulent, or grossly negligent.  Plaintiff has sustained actual damages as a result of this conduct, for which Plaintiff now sues.  Plaintiff further seeks to recover additional damages in an amount three times the amount of actual damages and any other relief the Court deems proper under §541.152 of the *Texas Insurance Code*.

## VII.
## VIOLATIONS OF TEXAS INSURANCE CODE CHAPTER 542

31.    Plaintiff re-alleges and incorporates by reference the allegations made in the above paragraphs.

32.    Plaintiff has standing to sue under Chapter 542 of the *Texas Insurance Code*, and Red Hawk is a person who can be sued under Chapter 542 of the *Texas Insurance Code*. By engaging in the conduct described above, Red Hawk has violated §542.003 of the Texas Insurance Code by not attempting in good faith to effect a prompt, fair, and equitable settlement

fo the claims submitted for which liability has become reasonably clear, and by compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.  Also, Red Hawk has violated §542.058 of the *Texas Insurance Code* by delaying payment of claims. Accordingly, Red Hawk is liable pursuant to §542.060 of the *Texas Insurance Code*.

**VIII.**
**VIOLATIONS OF TEXAS  DECEPTIVE TRADE PRACTICES ACT**

33.     Plaintiff re-alleges and incorporates by reference the allegations made in the above paragraphs.

34.     Plaintiff is a consumer under §17.45(4) of the Texas Business & Commerce Code. Red Hawk can be sued under the *Texas Business & Commerce Code*.  Red Hawk has committed an unconscionable act under §17.50(a)(3) of the *Texas Business & Commerce Code* by attempting to take advantage of Plaintiff's lack of knowledge, ability, experience, and/or capacity with respect to the workers' compensation program to a grossly unfair degree.   The resulting unfairness to Plaintiff is glaring noticeable, flagrant, complete and unmitigated.

35.     Red Hawk is also liable under §17.50(a) (4) of the *Texas Business & Commerce Code* because its conduct violated Chapters 541 and 542 of the *Texas Insurance Code*, as described above.

36.     Red Hawk's wrongful conduct was intentional knowing, and a producing cause of the damages to Plaintiff.  Additionally, Red Hawk's conduct described herein was malicious, fraudulent, or grossly negligent.  Plaintiff is entitled to all relief contained within the Texas Deceptive Trade Practices Act, including economic damages, noneconomic and consequential damages, attorneys' fees, interest, costs, and treble damages for which it now sues.

**IX.**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

37.     Plaintiff re-alleges and incorporates by reference the allegations made in the above paragraphs.

38.     Red Hawk owed Plaintiff a duty of good faith and fair dealing, which required it to (1) perform its duties under the Ullico policies and/or the reinsurance agreement in a reasonable and timely manner, and (2) properly handle the claims.   Red Hawk's actions described above were wanton, reckless, malicious, and/or intentional with regard to Plaintiff's rights.  Additionally, Red Hawk's conduct described herein was malicious, fraudulent, or grossly negligent.   As a result of Red Hawk's actions, Plaintiff has suffered damages in an amount within the jurisdictional limits of the Court, for which it now sues.

**X.**
**EXEMPLARY DAMAGES**

39.     Plaintiff re-alleges and incorporates by reference allegations made in the above paragraphs.

40.     Plaintiff seeks exemplary damages against Red Hawk because its wrongful conduct was undertaken with a state of mind that justifies the imposition of exemplary damages. Plaintiff seeks such damages not only to punish Red Hawk for its outrageous conduct, but also to deter other insurers from engaging in the same or similar conduct.

**XI.**
**TEXAS INSURANCE CODE §542.060 DAMAGES**

41.     Plaintiff re-alleges and incorporates by reference the allegations made in the above paragraphs.

42.     Pursuant to the Unfair Claim Settlement Practices Act and TEX. INS. CODE Plaintiff is entitled to and seeks in addition to the amount of the claims, interest on the amount of the claims at the rate of eighteen percent (18%) a year.  Further, pursuant to TEX. INS. CODE §542.060(b), Plaintiff is entitled to treat all attorneys' fees incurred as taxable costs of court.

## XII.
## ATTORNEY'S FEES

43.     Plaintiff is entitled to recover reasonable attorney's fees in this matter under Texas Civil Practice and Remedies Code Section 38.001 et seq., the Texas Insurance Code and the Texas Deceptive Trade Practices Consumer Protection Act.  Plaintiff perfected its right because Plaintiff presented a claim to the Red Hawk Entities.  In connection with Plaintiff's claims, Plaintiff employed the undersigned attorneys to represent Plaintiff and has agreed to pay them reasonable attorney's fee for their services.

## XIII.
## CONDITIONS PRECEDENT

44.     All conditions precedent to Koch's right to recover and to Defendant's liability have been performed or have occurred.

## XIV.
## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that Defendants be cited to appear and answer herein and that, upon trial of this cause, that Plaintiff is awarded the following relief:

a.     Enter a Declaratory Judgment as follows:

(1) Red Hawk is a true co-insurer under the above referenced workers' compensation insurance policies;

(2) Red Hawk is obligated to pay all covered workers' compensation claims under the workers' compensation insurance policies that have not already been paid by Ullico;

(3) Koch is entitled to recover directly against Red Hawk for all unpaid claims under the above referenced workers' compensation insurance policies; and

(4) Koch is a third party beneficiary under the Reinsurance Agreement between Red Hawk and Ullico entitled to recover benefits under that Agreement directly from Red Hawk.

b.   Enter Judgment that Koch recover actual damages of at least $2,000,000 in claims that Koch has been forced to pay that Red Hawk is required to pay;

c.   Treble damages, exemplary damages, statutory damages and penalty interest;

d.   pre-judgment and post-judgment interest as provided by law;

e.   costs of suit;

f.   attorney's fees; and

g.   all other relief, both general and special, at law or in equity, allowable by law.

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUE SO TRIABLE.

Respectfully submitted,

*/s/ Greg K. Winslett*

_____

GREG K. WINSLETT
State Bar No. 21781900
Southern District Federal No. 13078
RICHARD L. SMITH, JR.
State Bar No. 18671200
Southern District Federal No. 14392
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1870
(214) 871-2111 (facsimile)
gwinslett@qslwm.com
rsmith@qslwm.com

**ATTORNEYS FOR PLAINTIFF
STAN KOCH & SONS TRUCKING,
INC.**

4833-1022-8263, v. 1